UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PETERSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>SECRETARY OF STATE, DIVISION OF ELECTION,<br><br>        Defendant. | No.  2:24-cv-01812-TLN-CKD (PS)<br><br><br>ORDER |

Plaintiff, William Peterson, proceeds without counsel[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening and plaintiff requests to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted. The complaint fails to state a claim, but plaintiff is granted leave to file an amended complaint.

**I.      SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff names as the sole defendant "Secretary of State Division of Election" and the document filed as the complaint states the following: "Dear Sir, your rules violate the 15th Amendment. Also I seek have my name placed on ballet as I am indigent and like [illegible] and Biden I can have fee waived and my name placed on ballet [*sic*]." (ECF No. 1 at 2.)

## III. PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## IV. THE COMPLAINT MUST BE DISMISSED

The vague statements in the complaint fail to give fair notice of any cognizable claims and the grounds on which they rest. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Here, the

complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not describe in an understandable way the specific conduct the named defendant is alleged to have engaged in that violated plaintiff's rights. The court is unable to discern what facts underlie the causes of action plaintiff is attempting to bring. The complaint must be dismissed because it does not contain sufficient factual content to allow the court to draw the reasonable inference that defendant has violated plaintiff's rights. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### V.  CONCLUSION

The complaint must be dismissed, but plaintiff is granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  September 12, 2024

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

8
pete24cv1812.scrn